JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
INDUSTRIEGLAS WASSMANN GMBH & CO.

## DEFENDANTS
GROWLERGRIPS, LLC

**(b)** County of Residence of First Listed Plaintiff    Germany
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harvey Freedenberg, McNees Wallace & Nurick 100 Pine Street
Harrisburg, Pennsylvania 17101, (717)237-5267

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 1114(1)(a)
Brief description of cause:
Action for trademark and trade dress infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   None
DOCKET NUMBER

DATE
04/01/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



**UNITED STATES DISTRICT COURT**

**16    1555**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Industrieglas Wassmann GMBH & Co., Otto-Hahn-Straße 42, 59423 Unna, Germany

Address of Defendant: GrowlerGrips,LLC 1013 Rawlinsville Road, Willow Street, PA 17584

Place of Accident, Incident or Transaction: ___ N/A ___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                              Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                                            Yes☐   No☒
*RELATED CASE, IF ANY:*                                                 X
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                            Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                            Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                            Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                            Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___ Trademark Infringement ___

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ___ Harvey Freedenberg ___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: ___ 4/5/16 ___         _Signature_                              PA 23152
                                    Attorney-at-Law                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___ 4/5/16 ___         _Signature_                              PA 23152
                                    Attorney-at-Law                        Attorney I.D.#

CIV. 609 (5/2012)

**APR -5 2016**



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

INDUSTRIEGLAS WASSMANN GMBH & CO.,          :            CIVIL ACTION
                Plaintiff,          :
         v.          :            **16   1555**
GROWLERGRIPS, LLC.,          :
              Defendant.          :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (   )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          ( x )

| | | |
|---|---|---|
| 4/5/16 | _Attorney-at-law_ | Industrieglas Wassmann GMBH & Co. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717-237-5267 | 717-237-5300 | hfreedenberg@mwn.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR -5 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INDUSTRIEGLAS WASSMANN GMBH & CO., | Civil Action No.: _____ |
| Plaintiff, | |
| - against - | **DEMAND FOR JURY TRIAL** |
| GROWLERGRIPS, LLC, | |
| Defendant. | |

## COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, REVERSE PASSING OFF, PASSING OFF, AND UNFAIR COMPETITION

1.      This complaint is brought by Plaintiff against Defendant under the statutes of the United States (Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*), the laws of the Commonwealth of Pennsylvania, and the common law, for trademark infringement, trade dress infringement, false designation of origin, reverse passing off, and unfair competition, and seeks permanent injunctive relief, profits, damages, and other relief relating to Defendant's knowing adoption and use of growler design marks and trade dress that infringes the well-known growler design marks and trade dress owned by Plaintiff.

2.      This Court has jurisdiction over the subject matter of this action under Section 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, and under the Judicial Code, 28 U.S.C. § 1331, 1332, 1338, and 1367.

3.      Plaintiff is a limited partnership organized and existing under the laws of Germany with an address at Otto-Hahn-Str. 42, 59423 Unna, Germany.

4.      Upon information and belief, Defendant GrowlerGrips LLC is a limited

1

liability company organized and existing under the laws of the Commonwealth of

Pennsylvania, with a registered address at 1012 Rawlinsville Road, Willow Street,

Pennsylvania, 17584, and is doing business in the Commonwealth of Pennsylvania and

within this Judicial District.

      5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

**FACTS**

      6.      Plaintiff is the owner of all right, title and interest in and to distinctive

trademarks and trade dress comprising certain distinctive configurations of beer

containers with distinctive handles ("Plaintiff's Growler Designs"), examples of which

are shown below and in the document attached hereto as **Exhibit A**:







7.      For many years, Plaintiff has been a leading manufacturer of such beer containers, which are commonly referred to as growlers.

8.      Long prior to the acts complained of herein, Plaintiff began using Plaintiff's Growler Designs in connection with the advertising and sale of beer bottles throughout the United States.

9.      Since that time, Plaintiff has used the Growler Designs continuously in interstate commerce for such goods.

3

10.    Plaintiff's exclusive right to use its Growler Designs has been recognized by the United States Patent and Trademark Office, which granted U.S. Trademark Registration No. 1,585,726 on March 6, 1990 and Registration No. 2,163,421 on June 9, 1998.  A copy of the registration certificates is attached hereto as **Exhibit B**.

11.    The registrations are in full force and effect, and are incontestable.  Thus, the registrations are conclusive evidence of the validity and subsistence of the marks as well as Plaintiff's exclusive right to use the marks in commerce without restriction or limitation; and it provides constructive notice of Plaintiff's ownership pursuant to Sections 7, 22, and 33 of the Trademark Act of 1946, 15 U.S.C. §§ 1057, 1072, and 1115.

12.    Plaintiff's Growler Designs are arbitrary, non-functional, and distinctive. In addition, they have been widely advertised and sold in the United States for decades.

13.    As a result of Plaintiff's longstanding and exclusive use and advertising of the Growler Designs, they have become well known among consumers as trademarks and trade dress of Plaintiff, and they have developed strong secondary meaning among consumers who have come to associate Plaintiff's Growler Designs exclusively with products emanating from Plaintiff.

14.    In 1999, the United States District Court for the Eastern District of New York recognized Plaintiff's registered mark by issuing a permanent injunction against All Saint's Brands, Inc., another infringer that was using a confusingly similar growler design in commerce.

15.    Notwithstanding Plaintiff's prior use of and rights in its marks and trade dress, Defendant has begun selling and distributing, within this Judicial District and in interstate commerce, design marks, trade dress, and growler handles (the "Infringing

4

Handles") that imitate Plaintiff's Growler Designs in such a manner as to falsely suggest

sponsorship or endorsement by, or connection or affiliation with Plaintiff.  Samples of the

Infringing Marks are shown below and in the screen captures of Defendant's web site

attached hereto as **Exhibit C**:





16.     Upon information and belief, Defendant's Infringing Handles fasten exclusively to Plaintiff's growlers.

17.     Upon information and belief (and as evidenced by the screen captures of Defendant's web site attached hereto at **Exhibit C**), Defendant is selling and distributing Plaintiff's growlers in conjunction with selling and distributing Defendant's Infringing Handles, without Plaintiff's authorization or approval.

18.     Upon information and belief (and as evidenced by the screen captures of Defendant's web site attached hereto at **Exhibit C**), Defendant is selling and distributing its Infringing Handles fastened to Plaintiff's growlers, without Plaintiff's authorization or approval.

19.     The use by Defendant of growler handle designs similar to Plaintiff's Growler Designs, the overall appearance of the product, as well as the sale of Plaintiff's growlers with Defendant's Infringing Handles attached, infringes Plaintiff's trademark and trade dress as embodied in the Growler Designs, and constitutes unfair competition, reverse passing off, and passing off.

6

20.     Defendant's unauthorized sale of Plaintiff's growlers with Defendant's Infringing Handles attached creates the false impression that Defendant is the source of Plaintiff's growlers and/or has approved Defendant's sales of Plaintiff's growlers with Defendant's handles attached, and therefore constitutes reverse passing off and unfair competition.

21.     Defendant's unauthorized sale of Plaintiff's growlers with Defendant's Infringing Handles attached creates the false impression that Plaintiff is the source of the Infringing Handles or that Defendant's Infringing Handles are sponsored by, endorsed by, connected with, and/or affiliated with Plaintiff, and therefore constitutes passing off and unfair competition.

22.     Defendant's unauthorized use and sale of similar growler handles, as well as Defendant's unauthorized sale of Plaintiff's growlers with the Infringing Handles fastened to Plaintiff's growlers, has enabled Defendant to unlawfully trade on, and has damaged the goodwill and reputation that Plaintiff has established through its use and promotion of the Growler Designs.

23.     Upon learning of Defendant's activities alleged herein, Plaintiff contacted Defendant and demanded that it discontinue such activities.

24.     Defendant has refused to comply with Plaintiff's demands, and is still selling the Infringing Handles and Plaintiff's growlers in a manner calculated to deceive and to cause confusion among prospective purchasers, to falsely pass off itself as the source of Plaintiff's growlers with or without Defendant's Infringing Handles, to falsely pass off its sale of Plaintiff's growlers with or without Defendant's Infringing Handles as approved by Plaintiff, and to falsely pass of its Infringing Handles as being sponsored by,

endorsed by, connected with, and/or affiliated with Plaintiff.

25.   Upon information and belief, Defendant has continued and is planning to continue such infringing use despite having full knowledge of Plaintiff's prior rights in Plaintiff's Growler Designs.

26.   The infringing products sold by Defendant under the Infringing Handle Marks are not manufactured, licensed, sponsored, or approved by Plaintiff, nor does Plaintiff have any means of controlling the quality of said products.

27.   Thus, Defendant has engaged and is engaging in unlawful activity with an intent to cause confusion among the purchasing public, to falsely pass of its own Infringing Handles as being sponsored by, endorsed by, connected with, and/or affiliated with Plaintiff, to falsely pass off itself as the source of Plaintiff's growlers with or without the Infringing Handles, to falsely pass off its sale of Plaintiff's growlers with or without the Infringing Handles as approved by Plaintiff, and to trade on the goodwill symbolized by Plaintiff's Growler Designs.

28.   Unless such acts of infringement, unfair competition, false designation of origin, reverse passing off, and passing off are enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1114(1)(a))

29.   As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement, in violation of 15 U.S.C. § 1114(1)(a). Each and every allegation contained in the preceding paragraphs of this complaint is incorporated by reference as a part of this count.

8

30.     Defendant has used and is using the Infringing Handles in connection with the advertising and sale of goods in commerce in such a manner as to create a likelihood of confusion with Plaintiff's Growler Designs among prospective purchasers.

31.     Defendant's use of the Infringing Handles induces purchasers and others to believe, contrary to fact, that the goods sold by Defendant are made, sponsored, or otherwise approved by, or connected with Plaintiff.

32.     Defendant's sale of Plaintiff's growlers with Defendant's Infringing Handles induces purchasers and others to believe that the Infringing Handles sold by Defendant are made, sponsored, licensed, or otherwise approved by or connected with Plaintiff.

33.     Defendant's acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by Plaintiff's well-known Growler Designs to Plaintiff's immediate and irreparable damage.

34.     Defendant's use of the Infringing Marks in the manner alleged constitutes trademark infringement within the meaning of 15 U.S.C. § 1114(1).

35.     Defendant had constructive knowledge of Plaintiff's exclusive rights in its Growler Designs when it began using the Infringing Marks because Defendant's Infringing Handles can only be fastened to Plaintiff's growlers and no other growlers. Thus, Defendant has willfully and deliberately engaged in the aforesaid acts with an intent to injure Plaintiff and to deceive the public.

36.     Defendant's acts of trademark infringement have caused Plaintiff irreparable injury and loss of reputation.  Unless enjoined by this court, Defendant will continue these acts of trademark infringement to Plaintiff's immediate and irreparable

9

damage.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

37.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).  Each and every allegation contained in the preceding paragraphs of this complaint is incorporated by reference as a part of this count.

38.     Defendant has used and is using marks and/or trade dress confusingly similar to Plaintiff's Growler Designs in connection with the advertising, distribution and sale of goods in interstate commerce in such a manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with Plaintiff.

39.     Defendant's use of confusingly similar marks and trade dress induces purchasers and others to believe, contrary to fact, that the goods sold by Defendant are made, sponsored, or otherwise approved by, or connected with Plaintiff.  Defendant's acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by its Growler Designs to Plaintiff's immediate and irreparable damage.

40.     Defendant's unauthorized use of marks and trade dress that are confusingly similar to Plaintiff's Growler Designs in connection with the advertising and sale of Defendant's goods, constitutes use of false designations of origin and false descriptions within the meaning of Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

41.     Defendant's unauthorized use of marks and/or trade dress confusingly similar to Plaintiff's Growler Designs constitutes unfair competition, entitling Plaintiff to remedies pursuant to Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

42.     Defendant's acts of unfair competition, false designation of origin and false description have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this court, Defendant will continue the acts of unfair competition complained of herein to Plaintiff's immediate and irreparable damage.

## COUNT III

### TRADEMARK AND TRADE DRESS INFRINGEMENT
### UNDER THE COMMON LAW

43.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has engaged and is engaging in acts of trademark and trade dress infringement in violation of the common law of the Commonwealth of Pennsylvania.  Each and every allegation contained in the preceding paragraphs of this complaint is incorporated by reference as a part of this count.

44.     Defendant has used and is using the Infringing Handles in connection with the advertising and sale of goods in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the handles of Defendant are made, sponsored, licensed, or otherwise approved by, or connected with Plaintiff, which acts have damaged, impaired and diluted that part of the goodwill symbolized by Plaintiff's Growler Designs to Plaintiff's immediate and irreparable damage.

45.     The nature, probable tendency, and effect of Defendant's use of marks and trade dress confusingly similar to Plaintiff's Growler Designs in the manner alleged is to

11

enable Defendant to deceive the public by passing off its goods as being made, sponsored, or otherwise approved by or connected with Plaintiff.

46.     Defendant's unauthorized use of the Infringing Handles in connection with the advertising and sale of its goods is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods and constitutes infringement of Plaintiff's Growler Designs under the common law.

47.     Defendant's acts of infringement have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this court, Defendant will continue these acts of infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable damage.

## COUNT IV

### UNFAIR COMPETITION, REVERSE PASSING OFF, AND PASSING OFF UNDER THE COMMON LAW

48.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has been and is engaged in acts constituting unfair competition, reverse passing off, and passing off under the common law.  Each and every allegation contained in the preceding paragraphs of this complaint is incorporated by reference as a part of this count.

49.     Defendant has used and is using the Infringing Handles in connection with the unauthorized advertising and sale of goods in interstate commerce in such a manner as to create a likelihood of confusion among prospective purchasers, to falsely pass off Defendant as the source of Plaintiff's goods sold by Defendant, to falsely pass off Defendant's sale of Plaintiff's goods as approved by Plaintiff, to falsely pass off Defendant's goods as being made, sponsored, licensed, or otherwise approved by or

12

connected with Plaintiff, and to unfairly compete with Plaintiff.

50.     Defendant's use of the Infringing Marks induces purchasers into believing, contrary to fact, that Defendant is the source of Plaintiff's growlers with Defendant's Infringing Handles attached thereto.

51.     Defendant's use of the Infringing Marks induces purchasers into believing, contrary to fact, that Plaintiff has approved Defendant's sale of Plaintiff's growlers with Defendant's Infringing Handles attached thereto.

52.     Defendant's use of the Infringing Marks induces purchasers into believing, contrary to fact, that the Infringing Handles sold by Defendant are made, sponsored, licensed, or otherwise approved by or connected with Plaintiff.

53.     Defendant's actions have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by its Growler Designs, to Plaintiff's immediate and irreparable damage.

54.     Defendant's aforesaid acts constitute willful and deliberate unfair competition, reverse passing off, and passing off under the common law.

55.     Defendant's acts of unfair competition, reverse passing off and passing off have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Defendant will continue its acts of unfair competition and passing off, and will continue to deceive the public and cause Plaintiff immediate and irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)     Pursuant to 15 U.S.C. § 1116, and the law of the Commonwealth of

Pennsylvania, Defendant and each of its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with any of them be permanently enjoined from:

 a. Using or registering the handle design of the type shown below:



 or any other mark, design or trade dress that resembles Plaintiff's Growler Designs shown below:





either alone or in combination with any other word, phrase or design,
and any other trade name, trademark, service mark, or trade dress
confusingly similar to Plaintiff's Growler Designs, in the advertising
or sale of any goods;

    b.   Using or registering in any manner any trademark, service mark, trade
name, trade dress, words, numbers, abbreviations, designs, colors,
arrangements, collocations, designs, arrangements, configurations, or
any combination thereof which would imitate, resemble or suggest
Plaintiff's well known Growler Designs;

    c.   Otherwise infringing Plaintiff's trademarks and trade dress;

    d.   Unfairly competing with Plaintiff or otherwise injuring Plaintiff's
business reputation in any manner.

(2)    Pursuant to 15 U.S.C. § 1118 and the law of the Commonwealth of
Pennsylvania, that Defendant be directed to deliver up for destruction all advertisements,
labels, signs, prints, packages, wrappers, receptacles, all materials relating to any website,
and all other materials in its possession or under its control that resemble or bear a
depiction of the Infringing Handles or any other mark or trade dress containing the
Infringing Handles or any other reproduction, counterfeit, copy or colorable imitation of
Plaintiff's Growler Designs and all plates, molds, matrices, and other means of making or
duplicating the same.

(3)    Pursuant to 15 U.S.C. § 1117, that Defendant account and pay to Plaintiff
damages in an amount sufficient to fairly compensate it for the injury it has sustained,
plus all profits which are attributable to Defendant's sale of goods under the Infringing

Handles, and further that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Defendant's unlawful conduct.

(4)     Pursuant to 15 U.S.C. § 1117 and the law of the Commonwealth of Pennsylvania, that this case be declared exceptional because of the willful and deliberate nature of Defendant's acts of trademark and trade dress infringement, false designation of origin, reverse passing off, passing off, and unfair competition, and that Defendant be ordered to pay to Plaintiff the costs of this action and Plaintiff's attorneys' fees.

(5)     That Plaintiff be granted such other, further, different or additional relief as this court deems equitable and proper.

TRIAL BY JURY IS DEMANDED


McNEES WALLACE & NURICK LLC

By: _____
        Harvey Freedenberg (PA 23152)
        hfreedenberg@mwn.com
        Helen L. Gemmill (PA 60661)
        hgemmill@mwn.com
        100 Pine Street
        Harrisburg, Pennsylvania 17101
        (p) (717) 237-5273
        (f) (717) 260-1697

        *Attorneys for the Plaintiff*


Dated: April 4, 2016

*Of Counsel:*

FERDINAND IP, LLC
Katrin Lewertoff
Edmund J. Ferdinand, III
Alex Malbin
125 Park Avenue
Suite 2508
New York, New York 10017
Phone: (212) 220-0523
Fax: (203) 905-6747

# EXHIBIT A





















# EXHIBIT B

Int. Cl.:21

Prior U.S. Cls.:2 and 23

Reg. No. 1,585,726

## United States Patent and Trademark Office

Registered Mar. 6, 1990

## TRADEMARK
### PRINCIPAL REGISTER



INDUSTRIEGLAS WASSMANN GMBH (FED
  REP GERMANY  LTD LIAB JT ST  CO)
HERMANNSTRASSE  188
DORTMUND,  FED REP GERMANY  30

  FOR:  BEER  BOTTLES,  IN  CLASS  21 (U.S.
CLS. 2 AND 23).

FIRST    USE    10-0-1980;    IN    COMMERCE
10-0-1980.
  THE MARK CONSISTS OF A CONFIGURA-
TION OF A BEER BOTTLE.

  SER. NO.  73-765,060,  FILED  11-21-1988.

RAUL CORDOVA, EXAMINING ATTORNEY

Int. CI.:21

Prior  U.S. Cls.: 2, 13,23, 29, 30, 33, 40 and  50

**Reg. No. 2,163,421**

## United States Patent and Trademark  Office

Registered  June  9, 1998

## TRADEMARK
## PRINCIPAL  REGISTER



INDUSTRIEGLAS  WASSMANN  GMBH (FED
REP GERMANY  COMPANY WITH  LIMITE
LIABILITY)
HERMANNSTRASSE  188
D-44263 DORTMUND, FED REP GERMANY

FOR:  BEER  BOTTLES  SOLD  EMPTY,  IN
CLASS 21 (U.S. CLS. 2,  13, 23, 29, 30, 33,   40 AND
50).

FIRST   USE   1-0-1980;   IN   COMMERCE
10-0-1980.

SER. NO. 75-199,208, FILED 11-18-1996.

ROBERT C.  CLARK JR., EXAMINING   ATTOR-
NEY

# EXHIBIT C

3/23/2016                          GrowlerGrips | Personalized Growler Handles | Product Page











You'll stand out from the growd with this   combination!

GrowlerGrips were designed specifically for the 2L European-style growler —
and with good reason! They are superior to most all other styles. The amber
glass prevents UV rays from turning your brew skunky and the rubber gasket
swing-top is best at stretching the  freshness.

This compilation includes a rustic GrowlerGrip and our Hops medallion
(#1404). Add a few more medallions to your cart to take advantage of the
interchangeable nature of our product.

## Rustic GrowlerGrips plus Growler
SKU: 20144

### $59.95

Quantity

| 1 | ∨ |

**Free Shipping**
We'll package this beauty with the care it deserves and
send it out as soon as possible because we know you
can't wait to show it off — and it won't cost you a dime
extra.

**Complimentary Install**
GrowlerGrips purchased with a growler will receive
complimentary assembly. *All you have to do is go get it
filled!*

f   🅶   ✛   'P   ━

   

*(FREE SHIPPING ON ALL ORDERS!)*

We're on tour in 2016! Follow us.



© 2016 GrowlerGrips, LLC. Patent Pending

3/23/2016                    GrowlerGrips | Personalized Growler Handles | Product Page



# GROWLERGRIPS®
## STAND OUT FROM THE GROWD*



### Polished GrowlerGrips plus Growler
SKU: 20145

**$59.95**

Quantity

| 1 ∨ |



**Free Shipping**
We'll package this beauty with the care it deserves and send it out as soon as possible because we know you can't wait to show it off — and it won't cost you a dime extra.

**Complimentary Install**
GrowlerGrips purchased with a growler will receive complimentary assembly. *All you have to do is go get it filled!*

f   ⊠   +   'P   ⊸

You'll stand out from the growd with this   combination!

GrowlerGrips were designed specifically for the 2L European-style growler — and with good reason! They are superior to most all other styles. The amber glass prevents UV rays from turning your brew skunky and the rubber gasket swing-top is best at stretching the freshness.

This compilation includes a polished GrowlerGrip and our Hops medallion (#1404). Add a few more medallions to your cart to **take** advantage of the interchangeable nature of our product.



*(FREE SHIPPING ON ALL ORDERS!)*

We're on tour in 2016! Follow us.



© 2016 GrowlerGrips, LLC. Patent Pending

Internet Payments

 

# GROWLERGRIPS®

## STAND OUT FROM THE GROWD·



### European Flip-Top Growler

$49.95

Quantity

1 ⌄



**Free Shipping**

We'll package this beauty with the care it deserves and send it out as soon as possible because we know you can't wait to show it off — and it won't cost you a dime extra.

**Personalize It!**

Want to customize this growler and shine like the unique star you are? Check out our **GrowlerGrips** — they allow for unlimited **personalization** with interchangeable medallions!

f  &  +  <p  ⚊

The 2L European-**style growlers are superior to** most all other styles. The amber glass prevents UV rays from turning your brew skunky and the rubber gasket swing-top is best at stretching the freshness.

*(FREE SHIPPING ON ALL ORDERS!)*

We're on tour in 2016! Follow us.





© 2016 GrowlerGrips, LLC. Patent Pending



# GROWLERGRIPS®
## STAND OUT FROM THE GROWD*



### GrowlerGrip (Rustic)
SKU: 20141

**$29.95**

Quantity

| 1   ∨ |

**Easy Installation**

*Installation instructions are included.*
But don't sweat, it's seriously a breeze to install any GrowlerGrip to your European style 2L growler. You'll be ready to pour like never before in a matter of minutes using simple tools and your existing hardware.

**Medallions Included**

Includes permanent GrowlerGrips medallion on the back (shown) and our Hops medallion (#1404) on the front.





Our rustic GrowlerGrip is perfect for those who prefer a vintage appeal. Forged out of sturdy, yet lightweight aluminum, our GrowlerGrips were engineered to be robust and to offer unmatched control during each pour. The interchangeable cavity allows for unlimited customization. Proudly made in the USA. Hardware not included (you'll use the same hardware that is included with your growler!).

*(FREE SHIPPING ON ALL ORDERS!)*

We're on tour in 2016! Follow us.



© 2016 GrowlerGrips, LLC. Patent Pending

http://www.growlergrips.com/#!product-page/c1tqf/8fe8f05f-951e-1563-b917-88adf8284543                                    1/1

3/23/2016

GrowlerGrips | Personalized Growler Handles | Product Page



# GROWLERGRIPS®
## STAND OUT FROM THE GROWD·



### GrowlerGrip (Polished)
SKU: 20142

**$29.95**

Quantity

| 1 ∨ |

---

**Easy Installation**

*Installation instructions are included.*
But don't sweat, it's seriously a breeze to install any
GrowlerGrip to your European style 2L growler. You'll
be ready to pour like never before in a matter of
minutes using simple tools and your existing hardware.

---

**Medallions Included**

Includes permanent GrowlerGrips medallion on the
back (shown) and our Hops medallion (#1404) on the
front.




f ☐ + <p ↪

Our polished GrowlerGrip is perfect for those who prefer a refined appeal.
Forged out of sturdy, yet lightweight aluminum, our GrowlerGrips were
engineered to be robust and to offer unmatched control during each pour. The
interchangeable cavity allows for unlimited customization. Proudly made in
the USA. Hardware not included (you'll use the same hardware that is
included with your growler!).

*(FREE SHIPPING ON ALL ORDERS!)*

We're on tour in 2016! Follow us.



© 2016 GrowlerGrips, LLC. Patent Pending

http://www.growlergrips.com/#!product-page/c1tqf/9e20b493-f4aa-ceb9-accd-86f52ad06a81



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| INDUSTRIEGLAS WASSMANN GMBH & CO., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | **16   1555** |
| GROWLERGRIPS, LLC., | : | |
| Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x )

| | | |
|---|---|---|
| 4/5/16 | *[signature]* | Industrieglas Wassmann GMBH & Co. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717-237-5267 | 717-237-5300 | hfreedenberg@mwn.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 5 2016